JAMES LOUDON & CO., FOR WM. H. FLOYD & CO. v. UNITED STATES

**No. 5543.**—Invoices dated Malaga, Spain, June 1, 1939, etc.
Entered at Los Angeles, Calif., August 5, 1939, etc.
Entry No. 1614, etc.

(Decided January 5, 1942)

*Harper & Harper* (*Abraham Gottfried* of counsel) for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General (*James F. Donnelly*, special attorney), or the defendant.

WALKER, Judge: These appeals to reappraisement were taken by the plaintiffs following the receipt of notices of advance in value on appraisement on customs Form 4301. The question at issue, however, is whether any advance actually was made on appraisement. The appeals have been consolidated for trial and decision, and the record developed the following facts:

In each case the merchandise involved was olive oil in drums imported from Spain during the year 1939. The dutiable value of the oil is not in question; only the value of the drums is in issue, they being separately dutiable under paragraph 328 of the Tariff Act of 1930. In each case the oil was invoiced at a price of 57 British pounds sterling per 1,000 kilos, included therein being the cost of the drums, as well as packing and other charges. On each invoice the value of the drums is set forth as 21.25 Spanish pesetas.

In the case of reappraisement 134310–A it appears that the merchandise was entered at a total value in pounds of £1,036 14s. 4d., which is the total invoice value less nondutiable charges. However, the value was split between the oil and the drums, the former being entered at £998 10s. 4d. and the latter at £38 4s. 0d. In transmitting the invoice to the appraiser for appraisement the collector,—evidently in accordance with article 313 of the Customs Regulations of 1937 which requires that—

Collectors will securely attach to each invoice a statement, customs Form 6417, on which will be noted for the information of the appraiser the entered value and the manner in which it is determined, beginning with the gross invoice value and specifying the nondutiable charges deducted therefrom, the dutiable charges added thereto, and the additions or deductions made on entry by importers to make market value,

did not show how the entered value had been split but merely reported the total entered value and nondutiable charges.

At the time the merchandise in issue was appraised article 776 of the Customs Regulations of 1937 read, so far as pertinent, as follows:

Art. 776. Returns by appraiser.—Appraising officers will observe the following rules in making returns on invoices:

\* \* \* \* \* \* \*

(h) If the appraised value be not the same as the entered value, the appraiser's return on the face of the invoice should be a direct statement of his appraisement, and not an expression of differences between appraised and entered values.

\* \* \* \* \* \* \*

(v) If the appraised value be the same as the entered value, the signature of the appraising officer to the certificate on the summary sheet without any notations on the invoice will so indicate.

(w) The appraising officer will note only exceptions upon the summary sheet, in the various columns relating to value, rate, quantities, and dutiable packing charges.

(x) When there are no changes in the entered value, classifications, quantities, etc., and the action of only one examiner is involved, each column should be checked to indicate that proper action has been taken as expressed in the certification of the appraising officer.

Nothing appears on the face of the invoice in connection with the drums involved in reappraisement 134310–A to indicate that the appraised value differed from the entered value, and the record shows that on August 7, 1939, the date of examination, the examiner in the appraiser's office who passed upon the merchandise placed a check mark in the column headed "Appraised" on the summary sheet, customs Form 6417, to show that appraisement had been made as entered. The abbreviation "adv.," meaning "advanced," was written over the check mark at a subsequent date, but the record reveals that this was done on or about November 21, 1939, after appraisement, which took place on August 9, 1939, had become final and conclusive under section 501 of the Tariff Act of 1930.

A similar situation obtained in connection with reappraisement 135325–A in that there is no indication on the face of the invoice that the appraised value differed from the entered value, and a check mark was placed in the "Appraised" column of the summary sheet.

A different situation is encountered in connection with reappraisement 135947–A. On the invoice covered by that appeal the following was noted in red ink by the examiner:

Appr'd Value of Drums Ptas 21.25 Net Each. Ex. V.

and although there is a check mark in the "Appraised" column of the summary sheet, indicating appraisement as entered, we are satisfied that the statement made on the face of the invoice by the appraising officer controls over the marks on the summary sheet in the event of conflict between the two.

From the foregoing it is apparent that the situation with respect to reappraisement 134310–A and 135325–A is the same as that in the case of *Loudon & Co.* v. *United States*, Reap. Dec. 5519, reappraisement 134135–A, decided December 5, 1941, wherein the writer said:

It must be remembered that the appraiser at the time of appraisement did not have the entry before him and did not, apparently, know what portion of the net entered value had been allocated to the drums and what portion to the oil. However, wittingly or not, he did appraise the drums at the entered value and made no advance, and the action of the collector in sending the notice of advance to the importer was without warrant in law and was without effect.

After citing and quoting from the decision of Judge Evans in the case of *James Loudon & Co.* v. *United States*, Reap. Dec. 4141, I held that no advance over the entered value had been made by the appraiser and that therefore the appeal to reappraisement by the importer should be dismissed. I make the same holding as to reappraisements 134310–A and 135325–A, now before me, and judgment as to those appeals will issue accordingly.

As to reappraisement 135947–A the record shows that the drums were appraised on the basis of export value at 21.25 Spanish pesetas each, net, and as the plaintiffs have failed to offer any evidence tending to establish a value therefor other than that adopted by the appraiser, I find that export value, as that value is defined in section 402 (d) of the Tariff Act of 1930 is the proper basis of value for the drums in question, and that such value at the time of exportation was the appraised value.

Judgment will issue accordingly.