## KLINGERIT, INC. v. UNITED STATES

No. 5944.—Invoices dated Gumpoldskirchen, Austria, June 2, 1937, etc.
Entered at New York, N. Y., June 17, 1937, etc.
Entry No. 77503, etc.

(Decided October 25, 1943)

*Benjamin A. Levett* for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*Daniel I. Auster,* special attorney), for the defendant.

WALKER, Judge: These are appeals for reappraisement from findings of value made by the United States appraiser at the port of New York on certain asbestos goods exported from Austria on various dates in 1937 and 1938. Because of the peculiar circumstances attending it, the initial case, Reappraisement No. 136443–A, will be considered apart from the remaining two cases.

When that case was called for trial, along with the other two cases involved, some evidence was offered tending to bear upon the merits thereof, but I note that in the brief filed on behalf of the plaintiff it is suggested that the appeal be dismissed upon a finding that according to the official papers forwarded to the court there was, in fact, no advance made by the appraiser over the entered values.

Examination of the invoice involved discloses numerous red-ink notations setting forth for the various items certain values, followed by the abbreviation "adv." for "advanced." There seems to be no question from the testimony of Henry H. Crum, who was called as a witness by the plaintiff, that he made the notations referred to, and that at the time they were so made he was an examiner of merchandise.

There are three sheets marked "Summary of Examination and Appraisement" attached to the papers, the first evidently being that which was made out in connection with the entry as originally made, and the other two being of successive amendments. The summary sheets relating to the entry as originally made and as first amended are not signed, but the summary sheet covering the entry as finally amended bears the statement that—

The examination and appraisement of the merchandise covered by this invoice has been made in accordance with the law, and the facts found are set forth below.

followed by the explanation in parenthesis that—

A check mark (√) indicates that appraisement, classification, or quantities are as entered or that packing charges are believed to be correct.

In the column marked "Appraised" there is a check mark, thus indicating that the merchandise was appraised as entered, and the sheet is subscribed "Approved Feb. 14, 1940. S..J. Montgomery, Acting Appraiser." I note that such subscription was by means of a rubber stamp, but in the absence of any other signature I take it that such subscription was intended to record the action of the acting appraiser in the matter.

The facts in the case at bar, as stated above, are similar in all material respects to those in the case of *James Loudon & Co., for Wm. H. Floyd & Co.* v. *United States*, 9 Cust. Ct. 635; Reap. Dec. 5731, cited in the brief filed on behalf of the plaintiff. It was there held by the Second Division of this court, reversing the decision of the writer reported in 8 Cust. Ct. 577, Reap. Dec. 5543, that the check mark and statement as to appraisement appearing on the summary sheet

control over any conflicting statements appearing on the invoice for the reason that the former indicate the action of the appraiser, while the latter indicate the return of the examiner, or such appraising officer as is subordinate to the appraiser.

Following the decision in that case I hold that the merchandise covered by Reappraisement No. 136443–A was appraised as entered, and there being no competent evidence before me upon which a finding of any different values could be based I determine that the proper dutiable values of the goods there involved were such appraised and entered values, and judgment will issue accordingly.

With respect to the remaining two appeals, Nos. 134744–A and 134747–A, it appears that part of the merchandise covered by the latter appeal was appraised on the basis of United States value, and as to such merchandise there is no claim made by the plaintiff. The remainder of the merchandise covered by those appeals was appraised on the basis of foreign value, the appraisal basis being expressed as certain unit prices in Austrian schillings, less certain discounts, and plus certain taxes and packing, all of which is followed by a statement that the merchandise was "Appraised in German reichsmarks at the ratio of 1 reichsmark equals 1.50 Austrian schillings of the foregoing appraisal basis."

As to the values returned in Austrian schillings the plaintiff makes no complaint, but it is contended that in making the above-quoted statement the appraiser was attempting to convert currency, which is a function of the collector, and not of the appraiser, and cites in support thereof *Sontag's Shoe Stores* v. *United States*, 10 Cust. Ct. 513, Reap. Dec. 5797, and the cases cited therein.

It is a historical fact, of which the court may take judicial notice, that Austria was occupied by German armed forces in March of 1938. The consular invoices in the two cases in question were certified on May 4 and May 18, 1938, respectively, and the merchandise was exported after those dates.

At the time the merchandise at bar was imported article 776 of the Customs Regulations of 1937 was in force and effect, and it contained in subdivision (b) thereof the following:

Except as modified in this article, the value shall be expressed in the currency of the country of exportation in which merchandise identical with or similar to that under appraisement is usually bought and sold in the ordinary course of trade, notwithstanding that two or more currencies of different character may circulate in that country.

The modifications which follow are not material here.

Plaintiff apparently does not contend that the provisions of the foregoing article were not reasonable, or that it was outside the scope of the authority of the Secretary of the Treasury to prescribe. It therefore had the force and effect of law.

It is clear that the appraisements made in the cases in question were in German reichsmarks. This, of necessity, involved a finding by the appraiser that German reichsmarks were "currency of the country of exportation in which merchandise identical with or similar to that under appraisement" was "usually bought and sold in the ordinary course of trade." In view of the fact that Austria, as hereinbefore stated, had been occupied by German troops in March of 1938, it is quite natural to suppose that German currency thereafter and at the time of exportation of the merchandise in issue circulated in Austria. At least, it was incumbent upon the plaintiff, as I view it, to prove that such was not the fact before it could maintain that the appraisement should not have been made in German reichsmarks.

It is apparent that the appraiser was not attempting to convert the currency of the unit price of the merchandise in making the appraisements in question, but that he was appraising the merchandise in the currency required by the provisions of article 776 (b), *supra*. In this the case at bar differs from those cited by the plaintiff.

The only evidence before me respecting the foreign value of the merchandise is the testimony of Theodore Strahman, Jr., secretary of the importing corporation, who stated that the prices shown on the invoices were the actual prices paid, and that certain additions had been made on entry to equal the prices shown in a price list dated April 15, 1937, a copy of which was offered and received in evidence as exhibit 1, together with a translation thereof.

Examination of the translation shows that the price list is headed "Only for industrial dealers (distributors)." It would thus appear that it was a price list for a restricted class of purchasers only, and as there is no other evidence that the prices shown thereon were the prices at which the merchandise was freely offered for sale to all purchasers, it fails as evidence in support of a foreign value other than that found by the appraiser. Furthermore, it may be pointed out that the price list is dated April 15, 1937, while the two shipments involved were exported in May of 1938.

On the record presented, I find that the proper bases of value of the merchandise covered by Reappraisement Nos. 134744–A and 134747–A, were as found by the appraiser, and that such values were, in each case, the appraised values, and judgment will issue accordingly.