BEFORE THE THIRD DIVISION, FEBRUARY 6, 1946

**No. 50878.**—Protest 53378–K of C. J. Tower & Sons (Buffalo).

Opinion by CLINE, J.   In accordance with stipulation of counsel that certain items of the merchandise consist of oat scalpings similar in all material respects to those the subject of *James Richardson & Sons* v. *United States* (12 Cust. Ct. 6, C. D. 823), the claim at 5 percent under paragraph 731, as modified by T. D. 49752, was sustained.

**No. 50879.**—Protests 111751–K, etc., of C. J. Tower & Sons (Buffalo).

Opinion by CLINE, J.   It was stipulated that the merchandise is the same in all material respects as that passed upon in *C. J. Tower & Sons* v. *United States* (14 Cust. Ct. 94, C. D. 919).   In accordance therewith the claim for free entry was sustained.

**No. 50880.**—Petition 6522–R of Klingerit, Inc. (New York).

Opinion by CLINE, J.   The merchandise was invoiced in United States dollars but entered at a higher foreign market value in Austrian schillings.   Appraisal was made in German reichsmarks at the ratio of 1 reichsmark to 1.50 Austrian schillings.   The importer appealed to reappraisement on the ground that the appraiser was attempting to convert currency, which was a function of the collector, but the court held that since Austria was then occupied by Germany, the appraiser was properly finding value in the currency of the country of exportation. (*Klingerit, Inc.* v. *United States*, 11 Cust. Ct. 446, Reap. Dec. 5944, affirmed in Reap. Dec. 6159.)   After consideration of the evidence it was held that the petitioner acted without intention to misrepresent the facts or to defraud the revenue of the United States or to deceive the appraiser as to the value of the goods. The petition was therefore granted.

**No. 50881.**—Protest 942766–G of Butler Bros. (Savannah).

Opinion by KEEFE, J.   It was stipulated that the merchandise consists of bonbon dishes similar in all material respects to those the subject of *United States* v. *Butler Bros.* (33 C. C. P. A. 22, C. A. D. 310).   In accordance therewith the merchandise was held properly dutiable at 70 percent under paragraph 212 without the additional assessment of 10 cents per dozen pieces.

**No. 50882.**—Protest 117917–K of Hercules Liquor Products Co. (New York).

Opinion by KEEFE, J.   An examination of the papers disclosed that the protest was filed 61 days after liquidation.   As the protest was not filed within the time prescribed by law under section 514, Tariff Act of 1930, the motion to dismiss was granted.